MURRAY et al., Respondents, v. POLGLASE et al., Appellants.

[Submitted January 22, 1896. Decided January 27, 1886.]

Mines and Mining—*Cancellation of receiver's receipt—Decisions of land department—Evidence.*—In an action upon an adverse claim, where the plaintiffs, as evidence of their title to the area in conflict as part of a claim sought to be patented by them in the United States land office, had introduced the receiver's receipt for the entry thereof, it is admissible for the defendants to prove, by the decisions of the land office, the commissioner, and the secretary of the interior, that the receipt had been cancelled and set aside on a protest having been instituted against the issuance of a patent to the plaintiffs. The fact that such decisions contained the reasons given by the several officers, which might be inadmissible, is no ground for excluding them on the theory that they could not be admitted in part.

Same—*Same—Decision of land office.*—A decision of the register and receiver of the land office in respect to a protest against the issuance of a mineral patent, that the entry was "held for cancellation, subject to the right of further appeal," is not, when offered in evidence upon the trial of an adverse suit, open to the objection that it does not cancel, but merely recommends the cancellation of the receipt, or that its effect as a decision is destroyed by the use of the words reserving the right of appeal, such language being the customary form of expression used by the land office in indicating its decisions.

Same—*Same—Decision of secretary of interior.*—A decision of the secretary of the interior in respect to a protest against the issuance of a mineral patent, in which the commissioner had affirmed the cancellation of the entry by the local land office, in the form of a letter to the commissioner saying, "Your judgment, from which an appeal has been taken contains a satisfactory statement of the facts; and as no errors of law appear, said judgment is affirmed," is a judgment of cancellation.

Land Office—*Copies of papers—Evidence.*—Under section 891, Revised Statutes of the United States, providing that "copies of any papers in the general land office, authenticated by the seal and certified by the commissioner thereof, or, when his office is vacant, by the principal clerk, shall be evidence equally with the originals," a copy of a paper certified by one as "acting commissioner of the general land office," does not show a vacancy in the office, and is therefore admissible.

*Appeal from Second Judicial District, Silver Bow County.*

Adverse suit. The cause was tried before Speer, J. Plaintiffs had judgment below. Reversed.

Statement of the case by the justice delivering the opinion.

The defendants made application in the United States land office for patent upon the Ramsdell quartz lode mining claim. The plaintiffs, Murray *et al.*, filed their adverse claim in the land office, and then commenced this action. It appears by

the complaint that the defendants' mining claim is in conflict, as to part of its area, with the claim upon which the plaintiffs rely, viz. the Maud S.

This action is the ordinary one to determine whether the plaintiffs or defendants are entitled to proceed in the United States land office for patent upon the ground in conflict between their two claims. There are also, in the complaint allegations in the nature of those in an action of ejectment. The defendants denied all of the alleged rights of the plaintiffs, and, further, set up that, if plaintiffs ever made any location of the ground as the Maud S. claim, they had forfeited all right thereto by failing to represent the ground in the years 1887 and 1888. Plaintiffs, in replication, admitted that they did not place $100 worth of labor or improvements upon the Maud S. claim in the years 1887 and 1888; but allege that on December 29, 1887, they made entry in the United States land office for the said claim, and that they then obtained the receiver's receipt for the same.

Upon the trial the plaintiffs introduced in evidence the location notice of the Maud S. claim, and testimony tending to show its location, and the conveyances from the locators to the plaintiffs, and the receiver's receipt which they pleaded in their replication. Thereupon they rested. Thus, at the close of the plaintiffs' case, it appeared, by the admissions of the pleadings, that they had failed to represent their claim in the years 1887 and 1888, and, by the evidence, that they had the receiver's receipt dated December 29, 1887.

The defendants opened their case by offering the decision of the register and receiver of the United States land office, canceling and setting aside the receiver's receipt which had been introduced in evidence, and, in the same connection, the decision of the commissioner of the general land office affirming the decision of the register and receiver, and also the decision of the secretary of the interior affirming the decision of the commissioner of the land office. These documents were all excluded by the court. After so excluding these papers, the court practically refused to admit any other testimony by the

defendants, and instructed the jury to find a verdict for the plaintiffs, for the reason that there was no evidence admitted in the case on behalf of the defendants. The defendants appeal from the judgment.

*Forbis & Forbis, F. T. McBride* and *L. J. Hamilton,* for Appellants.

*George Haldorn* and *Oliver M. Hall,* for Respondents.

DE WITT, J.—The receiver's receipt offered by the plaintiffs was evidence that the title to the mining premises was in them. (§ 542, Code of Civil Procedure, 1887.) If the court was correct in excluding all of the testimony offered to attack the receiver's receipt, then the plaintiffs had made a case of time in themselves, and the court was correct in instructing the jury to find for the plaintiffs.

The inquiry, therefore, now is, did the court err in excluding the decisions of the local land office, the commissioner and the secretary, described in the statement of the case above? The decisions of the land office and the commissioner and the secretary were made upon a protest being instituted against the issuance of a patent to these plaintiffs. The protests were made upon the ground of fraud in obtaining the receipt. The decisions of the interior department of the United States treated the questions of fact raised in the protest on trial before them, and, so treating the facts, arrived at a conclusion. When these decisions were excluded by the district court it was upon the ground, as the judge said, that he could not admit them for the reason that there were matters in them which should not go to the jury at that time. Counsel for the defendants thereupon stated, in effect, that they did not care whether the reasons for the decisions, as contained therein, went to the jury or not; but they wished the fact of the decisions to be introduced in evidence, and offered that the court might admit the decisions without giving to the jury the reasons therefor which were set out in the opinions rendering the decisions. This the court refused to do. The judge remarked that he could not admit

the decisions as a whole, and he could not see how he could admit a part without admitting the whole, and therefore would not admit them at all.    The court certainly erred in this ruling, if the only reason which could be given therefor was that advanced by the court.

We are not prepared to say that the opinions and reasons for the decisions of the land department, as given by the officers rendering the decisions, were not competent to be introduced along with the decisions.    But the material point to be proved was the cancellation of the receiver's receipt, and, if that were proved by introducing the decisions of the land office to that effect, it would dispose of the receiver's receipt effectually; and the reasons of the land department for the decisions could not destroy the life of the receipt any more completely than the bare decision itself.    Therefore this is not important.

But we are far from being able to understand the ruling of the district court in excluding the decisions themselves.    Counsel offered to give to the jury the decisions alone.    If the court thought that the opinions and reasoning of the decisions were inadmissible, it could very easily and readily have taken the decisions, with the opinions, and examined them, and have placed the decisions before the jury, without giving to the jury the facts and reasons upon which the decisions were based; or the court could have admitted the whole text, and instructed the jury that the material matter for them to consider was simply the decision of the land department, and that they had nothing to do with the reasons therefor.    Nothing could have been simpler than such a procedure, and nothing is clearer to our minds than the duty of the court in this respect.    Therefore the reasons, as given by the court, for excluding these land department decisions were wholly untenable.

The court's reasons for excluding the land office documents appearing to be bad, we will next examine the other objections made by respondents when the decisions were offered on the trial, and which objections are now insisted upon in their brief and argument before this court.    The appellants sought to prove these decisions of the register and receiver, the commis-

sioner, and the secretary by certified copies from the records of the general land office of the United States. See §§ 891 and 2469, Rev. St. U. S. One contention of the respondents is that the certified copy of the decision of the register and receiver is a copy of a copy. This contention is trivial. Let respondents consult the transcript on this appeal at page 35.

Another objection made to the introduction of the decision of the register and receiver is that it is not a decision canceling the receipt, but that it simply recommends the cancellation. This objection does not occur to us to be of much greater importance than the last one mentioned. The procedure and form followed by the register and receiver was that of the land office. The register and receiver made the first examination of the protest against the issuance of the Maud S. patent, and their conclusion was that the entry should be canceled, and, in pursuance to their duty and jurisdiction, and the practice of the land office, they certified that fact to the commissioner of the general land office.

We next find the case before the commissioner. After reviewing the case, the commissioner makes the following decision: "Said entry is therefore held for cancellation, subject to the right of further appeal." Respondents again object that this is not a decision, because it states that it is "subject to the right of further appeal." Those words, however, are wholly unimportant. If the law gave the right of appeal to the defeated party, he would have that right in any event. The words simply stated a right that the parties had, and did not affect in any way the decision of the tribunal which made it.

Respondents criticise the language, "held for cancellation," and state that the entry was not canceled, but only "held for cancellation." We are of opinion that this was simply the method of the land office, and the form of expression customarily used by that tribunal in indicating its decision. Following this comes the decision of the secretary of the interior. That decision is in form of a letter to the commissioner, in which the secretary says: "Your judgment, from which an

appeal has been taken, contains a satisfactory statement of the facts; and as no errors of law appear, said judgment is affirmed.'' We are of opinion that this decision was a judgment of cancellation. (*Perrott* v. *Connick*, 13 Land Dec. Dep. Int. 598.)

Another objection to the certified copies is that they are certified by ' Edward A. Bowers, acting commissioner of the general land office,'' with the seal of the general land office attached. Section 891, Rev. St. U. S., as to certified copies, provides as follows: ''Copies of any records, books or papers in the general land office, authenticated by the seal and certified by the commissioner thereof, or, when his office is vacant, by the principal clerk, shall be evidence equally with the originals thereof. And literal exemplifications of any such records shall be held, when so introduced in evidence, to be of the same validity as if the names of the officers signing and countersigning the same had been fully inserted in such record.'' Counsel argue that this certificate was not given by the commissioner, or by the principal clerk by reason of a vacancy in the office of the commissioner. But it appears to us that there was no vacancy in the office of the commissioner. A commissioner was there, and acting. When he made the certificate the seal was annexed. We think this was sufficient. See Notes on Rev. St. U. S., by Gould & Tucker, p. 277, and cases cited.

We are therefore of opinion that the certified copies of the register and receiver, the commissioner of the general land office, and the secretary of the interior should have been admitted in evidence. It was error to exclude them, either for the reasons expressed by the court or those argued by counsel. These documents were material to defendant's case. Plaintiffs had proved a receiver's receipt for the land in controversy. If this were unattacked, it concluded the defendants. To avoid this result it was material to defendants to show that this receiver's receipt did not exist, and that it, with its force and power, had been destroyed by the cancellation of the same by the officers of the land department having jurisdiction over that subject.

For these reasons the judgment of the district court will be reversed and a new trial ordered. There were some other matters argued on this appeal which counsel suggested might properly be before us for decision, even if we reached the result above announced. But we are not quite satisfied that those matters are in condition to be finally disposed of at this time.

*Reversed.*

PEMBERTON, C. J., concurs.

HUNT, J., absent.

